**AMERICAN NATIONAL INSURANCE COMPANY, Appellant,**

v.

**Altha WOODWARD, Appellee.**

No. 6952.

Court of Civil Appeals of Texas, El Paso.

March 25, 1981.

Rehearing Denied April 22, 1981.

Stubbeman, McRae, Sealy, Laughlin & Browder, Alvin Walvoord, Jr., Marc L. Skeen, Midland, for appellant.

Burnett & Ahders, Associated, Ruff Ahders, Norma Venso, Odessa, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

Altha Woodward, Appellee, brought this action to recover benefits under a mortgage disability policy issued by Appellant, American National Insurance Company. Following trial by a jury, judgment was entered for the Plaintiff/Appellee. We affirm.

Appellee obtained a loan for the purchase of real estate and the loan agreement included the purchase of a group mortgage repayment disability policy. That policy exempted a disability caused or resulting from "(6) A pre-existing illness, disease or physical condition for which the debtor received medical diagnosis or treatment with-

in the six months preceding the effective date of the debtor's coverage hereunder, and which causes loss within the six months following the effective date of the debtor's coverage hereunder." It is undisputed that the effective date of the coverage under the policy was May 14, 1976, and that the Appellee became totally disabled from arthritis within one or two months of that date. The issue on appeal is whether Appellee received medical diagnosis or treatment for arthritis within the six months prior to June 14, 1976. Appellant questions the jury finding on Issue No. 1 by points of error of "no evidence" and "insufficient evidence." That issue and its instructions were as follows:

## SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Altha Woodward suffered any total disability, as that term is defined herein, as a result of sickness, as that term is defined herein?

In this connection, you are instructed that a person is deemed totally disabled when she is unable to gainfully perform the duties of the occupation she held at the commencement of the disability, for a period of twelve months. Thereafter, she is deemed totally disabled when she is unable to gainfully perform the duties of any occupation for which she is reasonably qualified by education, training or experience.

Sickness, as used herein , [sic] means sickness or disease which causes loss of time from work. A pre-existing illness, disease or physical condition for which the person received medical diagnosis or treatment within six months preceding the effective date of the persons's coverage under the insurance policy, and which causes loss within the six months following the effective date of the person's coverage under the insurance policy is not a sickness.

Answer "Yes" or "No".

Answer: ___Yes___.

 The Appellant insurance company had the burden to plead the exception and the Appellee Woodward had the burden of

proving that her right to recovery was not defeated by the exception pleaded. *Aetna Life & Casualty Company v. Nuzum*, 551 S.W.2d 768 (Tex.Civ.App.—Amarillo 1977, writ ref'd n. r. e.). As we view the question, it is not one of whether Appellee had a pre-existing illness; rather, the issue is narrowed to being an illness for which she had received medical diagnosis or treatment. A number of witnesses testified, but the evidence on whether Appellee received medical diagnosis or treatment came only from her and a Dr. Burns. Appellee testified:

Q. As far as you know have you ever been rejected or been diagnosed as having arthritis or osteoarthritis that would be crippling before May the 14th of 1976?

A. No, sir, there is no doctor has ever told me that I had arthritis until then, 'till I went to Doctor Martinez.

Q. Doctor Martinez will be the first doctor that's ever told you that?

A. That diagnosed arthritis.

Q. And as far as treatment is concerned did any doctor ever treat you for osteoarthritis just general arthritic condition before May the 14th of 1976?

A. No, sir.

Q. So the jury might know, have you never been treated nor have you been diagnosed, to your knowledge, of an arthritic condition called osteoarthritis before May 14th of 1976 when you entered into this contract, is that correct?

A. That's correct.

. . . .

Q. All right. And you weren't treated for osteoarthritis until September of 1976 and that will be by Dr. Martinez?

A. Yes, sir.

Appellee testified that she became disabled on July 17, 1976, and a social security representative testified that she interviewed Appellee on that date, and that Appellee said, "I have been hurt in falls and a

car wreck and the arthritis just kept getting worse—in the last six months I've missed a lot of work due to pain and difficulty moving—I finally quit 7–17–76." This evidence has no bearing on the question of whether she had been diagnosed or received treatment. The same is true of the testimony of a Dr. Johnson, who testified that if Appellee were disabled in July of 1976, it was reasonable to assume that she had probably had arthritis as early as April or May of 1976. His testimony did not touch on diagnosis or treatment being received by Appellee.

Dr. Burns testified by deposition that he examined Appellee on May 13, the day before the effective date of her policy, and that he told her she was suffering from osteoarthritis. He prescribed anti-inflammatory medication. On a fact question of whether or not Appellee received medical diagnosis or treatment, we have, then, only the testimony of two witnesses, Dr. Burns and Appellee. She says no, he says yes. On the no evidence point, if we disregard all evidence to the contrary in support of the jury finding, we have the positive evidence of the Appellee that she had not been diagnosed nor treated for arthritis prior to May 14, 1976. Under the factual sufficiency test, in which we consider all the evidence, both pro and con, we have the conflicting evidence of Appellee and Dr. Burns. The jury elected to accept the testimony of the Appellee. Under such circumstances, a court of civil appeals cannot substitute its findings of fact for those of a jury, where there is evidence in the record to sustain the trial court's findings. *Cavanaugh v. Davis*, 149 Tex. 573, 235 S.W.2d 972 (1951); *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607 (Tex.1979).

The points of error are overruled, and the judgment of the trial Court is affirmed.